**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **LAWRENCE WESLEY WALKER,**<br><br>  Plaintiff,<br><br>v.<br><br>**CITY OF HOMERVILLE, a Municipal Corporation; MARGARET PEG BLITCH, Individually and as Mayor of the City of Homerville; WILLIE ALFORD HARDEE, Individually and as City Councilman for the City of Homerville; AND WILLIAM VEST, Individually and as a City Councilman for the City of Homerville, Georgia**,<br><br>  Defendants. | Civil Action No. 7:12-CV-137 (HL) |

**ORDER**

One of the agreements of the parties in the settlement of this case was that the City of Homerville ("Defendant") would provide Plaintiff Wesley Walker ("Plaintiff") with a letter of recommendation to be used by him in seeking employment. It was further agreed that should the parties not agree on the content of the letter that the Court would resolve that dispute. The Defendant has proffered a letter as follows:

> The Council regrets the circumstances surrounding your not being re-appointed in January of 2011. The Council does, however, recognize that at all times while you were employed as the Chief of Police you carried out your duties

> commendably, professionally and ethically. If requested, on behalf of the City I will provide a positive recommendation of you for any other position in law enforcement. The City wishes you the best of fortune in your future endeavors.

The letter is signed by Defendant's current mayor. This language is unsatisfactory to the Plaintiff who wants the letter to add that his not being reappointed had nothing to do with his job performance. Defendant prefers not to use such language.

On August 14, 2014, the Court met with counsel via telephone conference to hear their arguments regarding the letter. Plaintiff argues that he must live with his not being reappointed for the rest of his life and that his desired language will make it easier for him to explain what happened to a prospective employer. Defendant declines to accommodate Plaintiff because it contends that his unacceptable job performance was at the heart of the decisions of some councilors to vote not to reappoint him.

All this is by way of argument of counsel. There are no facts on which to base a decision because no evidence was tendered.

After thoughtfully considering the matter, the Court decides that Defendant has the better of the dispute and that its proposed letter is accepted and found to be in compliance with the terms of the settlement. In the first place, Plaintiff is already re-employed as Chief of Police in Lyons, Georgia, which is a larger department and pays a better salary than Plaintiff enjoyed in Homerville.

Secondly, the language of Defendant's proposed letter describing Plaintiff as having carried out his duties "commendably, professionally and ethically" is high praise and cannot be much improved upon. Plaintiff's objections are overruled.

**SO ORDERED**, this the 15th day of August, 2014.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

scr